JOSEPH W. DAVIS *vs.* EDWARD P. TRAVIS & others.

In an action on a promissory note against an indorser, if his answer denies " each and every allegation of the plaintiff," he may prove that his indorsement was without consideration, although the declaration omitted to allege expressly that the note was indorsed for value, and no such defence was specified in the answer.

CONTRACT on a promissory note against Edward P. Travis and Albert Mead, copartners under the firm of Travis & Mead, as makers, and Alonzo F. Travis as indorser. The declaration contained no express allegation that the note was made or indorsed for value. The answer of Alonzo F. Travis specifically denied indorsement, demand and notice, and " that he owes the plaintiff any sum or sums of money whatsoever," and concluded by denying " each and every allegation of the plaintiff as fully as if the same were specifically stated and denied."

At the trial in the superior court, before *Brigham,* J., the plaintiff produced the note, which was made payable to the order of Alonzo F. Travis, and proved that it was indorsed by him to Jonathan A. White before it matured, and on demand at maturity was not paid by the makers, and that due notice of its nonpayment was given to the indorser. The defendants then introduced without objection evidence tending to show that the note was without consideration as between the makers and the indorser, and also as between him and White, and that it was transferred by White to the plaintiff more than a year after it had matured and been dishonored. After all the evidence was closed and the counsel for the defendants had finished their argument to the jury, the plaintiff asked the judge to rule " that

under the answer of Alonzo F. Travis, as it then stood, it was not open to him to claim or have a verdict in his favor on the ground that no consideration was paid by White to him for his indorsement, as his answer did not raise that question." The judge then said to the defendants' counsel that he should permit them to amend their answer and put that question in issue, if they should so desire; but they replied that "they preferred to take the responsibility of proceeding on the answer as it was." Special issues were then framed and submitted to the jury, 1. as to whether as between the makers and the indorser it was an accommodation note and without consideration; and 2. as to whether it was indorsed by Alonzo F. Travis, without consideration, for the accommodation of White; on both which issues they answered affirmatively. But then the judge ruled that under the answer of Alonzo F. Travis he was nevertheless liable to the plaintiff; under which ruling a verdict was returned against him, but in favor of the other defendants; and he alleged exceptions.

*C. R. Train & N. St. J. Green,* for Alonzo F. Travis.

*E. M. Bigelow,* for the plaintiff, cited *Haskins* v. *Hamilton Insurance Co.* 5 Gray, 432; *Mulry* v. *Mohawk Valley Insurance Co.* Ib. 541.

Bigelow, C. J. We are of opinion that the ruling of the court at the trial was erroneous. Under the provisions of the practice act, a general denial in the answer of the allegations in the plaintiff's declaration is sufficient to put in issue all the facts necessary to be proved by the plaintiff in order to make out a *primâ facie* case. Gen. Sts. *c.* 129, § 17. *Boston Relief & Submarine Co.* v. *Burnett,* 1 Allen, 410. *Estabrook* v. *Boyle,* Ib. 412. In the latter case it was held that such a general denial made it incumbent on the plaintiff to prove the consideration of a note in an action by an indorser against the maker, although there was no express averment in the declaration that the note was given for value. The reason is that such general denial puts in issue every fact the burden of proof of which rests on the plaintiff, although the production of the note itself is suffi-cient to sustain such burden.

In the case at bar the defendant Travis, the excepting party as well as the other defendants, inserted a general denial of the plaintiff's allegations in his answer. This put in issue the question whether his indorsement of the note was for value, so that he was liable to the plaintiff as indorser. Proof of his indorsement on a negotiable note was *primâ facie* evidence of his liability. But it was open to him to disprove it, not as matter of discharge or avoidance of the action, but to meet the case which the plaintiff had established against him by the production of the note, namely, that the note was given to the defendant for value and by him indorsed as payee for value, so that he was liable to the plaintiff or holder. The cases cited by the counsel for the plaintiff only decided that matters in avoidance or discharge must be specially set out in the answer, and, although they might appear in evidence in the course of a trial, yet they could not avail the defendant unless duly pleaded. Those decisions have no bearing on cases like the present, where the grounds of defence rest on a denial of the facts necessary to maintain the plaintiff's action.                *Exceptions sustained.*