## Simeon Hawes vs. Henry Ryder.

Under a declaration alleging the making of a promissory note by the defendant and its indorsement to the plaintiff, and an answer merely denying that the plaintiff is the holder of the note, the defendant cannot prove, at the trial, that the plaintiff is not and never was the owner or holder of the note.

Contract. The declaration alleged that "the defendant made a promissory note, a copy whereof with the indorsements thereon is hereto annexed, payable to William Wilcox or order, who indorsed the same to the plaintiff, and the defendant owes the plaintiff the amount of said note and interest," and set forth a copy of the note and indorsements. Answer, that "the defendant denies that the plaintiff is the holder of any such note as he has declared upon, and that he owes the plaintiff the amount thereof, or any part thereof."

At the trial in the superior court, before *Brigham*, J., the plaintiff introduced the note in evidence; and rested his case. The defendant then called witnesses, and, upon the suggestion of the plaintiff that he should state what he expected to prove, offered to prove " that the plaintiff never owned the note, that it was never indorsed to him, that it was never delivered to him, that he never had it in his possession or control, and was ignorant that suit was brought upon it, and that he was not the holder of the note when the suit was brought, and never has been."

The judge excluded the evidence thus offered, and directed a verdict for the plaintiff, which was returned; and the defendant alleged exceptions.

*J. C. Stone*, ( *W. W. Crapo* with him,) for the defendant.

*T. M. Stetson*, for the plaintiff.

Gray, J. This case presents a nice question of pleading The declaration follows the forms annexed to the practice act, and alleges with substantial precision and certainty the making of the note declared on and its indorsement to the plaintiff. The answer simply denies that the plaintiff is the holder of the note. The further denial that the defendant owes the plaintiff

the amount of the note or any part thereof is, like the corresponding allegation at the close of the declaration, a mere conclusion of law, and not a substantive averment or precise denial of a distinct fact. *Framingham Bank* v. *Gay*, 9 Gray, 241. *Hollis* v. *Richardson*, 13 Gray, 392. The defendant did not offer to prove that the plaintiff, having once held the note, had parted with it; but the proof which he offered that the plaintiff was not the holder of the note when the action was brought was coupled with proof that he had never held and never owned the note, and that it never had been indorsed or delivered to him; and this offer was made and ruled upon as a whole. The single question therefore is, whether, under a declaration alleging the making of a promissory note and its indorsement to the plaintiff, and an answer merely denying that the plaintiff is the holder of the note, the defendant can be permitted to prove that the plaintiff is not and never was the owner or holder thereof. And the court is unanimously of opinion that he cannot.

The practice act, after abolishing the general issue in personal actions, provides that "the answer shall deny in clear and precise terms every substantive fact intended to be denied, in each count of the declaration separately, or shall declare the defendant's ignorance so that he can neither admit nor deny, but leaves the plaintiff to prove the same;" and that "any substantive fact alleged with substantial precision and certainty, and not denied in clear and precise terms, shall be deemed to be admitted." Gen. Sts. *c.* 129, §§ 17, 27. A mere denial of the plaintiff's general conclusion of law or of fact, or of the leading averment in the declaration, is not sufficient to prevent the defendant's being held to have admitted other specific allegations. *Van Buren* v. *Swan*, 4 Allen, 380. Thus, in an action upon a promissory note, alleged in the declaration to have been destroyed, an answer putting in issue the making of the note, and not distinctly denying its destruction, has been held, upon proof of the making of the note, to admit that it has been destroyed. *Boston Lead Co.* v. *McGuirk*, 15 Gray, 87.

If the defendant had denied that the note had been made and indorsed as alleged, or had declared his ignorance so that he

could neither admit nor deny the same, or had even denied "all the allegations in the declaration," the evidence offered would have been admissible. *People's Insurance Co.* v. *Arthur,* 7 Gray, 267. *Knapp* v. *Slocomb,* 9 Gray, 73. *Lincoln* v. *Lincoln,* 12 Gray, 45. *Verry* v. *Small,* 16 Gray, 121. *Davis* v. *Travis,* 98 Mass. 222, and cases cited. But he has not done so, nor in any way denied in clear and precise terms either the making of the note or its indorsement to the plaintiff. By a general rule of law, pleadings, like other statements in writing, are to be construed most unfavorably to the party making them. Steph. Pl. sect. 5, rule 2. *Dendy* v. *Powell,* 3 M. & W. 442. And the practice act expressly declares that "the allegations and denials of each party shall be so construed by the court as to secure, as far as possible, substantial precision and certainty, and discourage vagueness and loose generalities." Gen. Sts. *c.* 129, § 27. The defendant's denial was, at best, ambiguous and by inference, and not direct or in clear and precise terms; and therefore the evidence offered was rightly rejected, the making and indorsement of the note must be deemed to be admitted as alleged in the declaration, and the plaintiff is entitled to judgment.　　　　　　　　　　　　*Exceptions overruled.*