MARTHA BRUCE *vs.* WILLIAM MATHEWS.

Under an answer to a declaration on a promissory note and on the common counts for the same cause of action, merely denying that the defendant owes the plaintiff the amount claimed, the defendant cannot prove that the note was void for want of a revenue stamp.

Under the St. of 1865, c. 207, § 2, which allows the wife of a party to testify " whenever the contract or cause of action in issue and on trial was made or transacted with her in the absence of her husband," the wife of the defendant cannot testify to the payment by her, in the absence of her husband, of a promissory note declared on.

CONTRACT. The declaration contained four counts : one on a promissory note made by the defendant to the order of the plaintiff, one for money had and received, one for money lent, and one on an account annexed. It was conceded that all four counts were for the same cause of action. The defendant's answer was as follows : " The defendant denies that he owes the

plaintiff the said amount claimed to be recovered in her writ, or any part thereof. And if the plaintiff should prove that any such sum was due to her, the defendant will prove it has been paid in full."

At the trial in the superior court, before *Wilkinson,* J., the plaintiff offered no evidence, but contended that the answer was insufficient. No objection to the answer had before been taken. The promissory note was not put in evidence, but, on being handed to the defendant's counsel, he contended that it was void for lack of a revenue stamp; but the court held that this point was not open to him on the pleadings. The defendant's counsel offered to prove by the defendant's wife that she, in the absence of her husband, who was in jail, had paid the note to the plaintiff. But the court rejected the evidence. No other evidence was offered, and the judge directed a verdict for the plaintiff for the amount of the note. The defendant alleged exceptions.

*R. B. Caverly,* for the defendant. 1. The note was void upon its face for want of an internal revenue stamp.

2. The payment by the wife was a transaction in the absence of the husband, to which she was a competent witness. St. 1865, *c.* 207, § 2.

*J. C. Abbott,* for the plaintiff.

CHAPMAN, C. J. The action is on a promissory note. The answer denies that the defendant owes the plaintiff the amount claimed. But this is no denial of any fact alleged in the declaration. *Hawes* v. *Ryder,* 100 Mass. 216. The answer also alleges a payment of the note. The wife of the defendant was offered as a witness to prove payment. But she was properly held to be incompetent; for the St. of 1865, *c.* 207, § 2, makes her testimony admissible only "whenever the contract or cause of action in issue and on trial was made or transacted" with her. This does not extend to a case where she is called to prove a payment made by her.

The evidence as to the want of a proper stamp was not admissible, no such defence being open upon the answer.

*Exceptions overruled.*