## JOSIAH A. BRIGHAM *vs.* DANIEL W. ALDRICH.

In an action by B. against A. for the malicious prosecution of an action by A. against B. for deceit in representing that a corporation owned valuable land in Pennsylvania, B. introduced evidence to show that he did not represent that the corporation owned land in Pennsylvania. *Held,* that it was thereupon competent for A., under an answer which was merely a general denial of each and every allegation in the plaintiff's declaration, to prove that the corporation owned land in New York, which was the land that B. represented to be valuable, and that when A. brought the action for deceit he supposed the land to be in Pennsylvania, and so instructed his attorney.

MORTON, J. This is an action for a malicious prosecution. The original suit, which the plaintiff alleges was instituted maliciously and without probable cause, was an action of deceit in the sale by Brigham to Aldrich of ten shares of the Providence and Erie Oil Company. In that suit, one of the material allegations was, that Brigham falsely represented that the said company owned a large and valuable tract of land in Erie County, Pennsylvania. In the case at bar, the plaintiff, Brigham, introduced evidence to show that this allegation was false, and that he did not represent that said company had land in Pennsylvania. To meet this testimony, the defendant was permitted, against the objection of the plaintiff, to show that the company owned land in Erie County, New York ; that Brigham, at the time of the sale of the stock, represented it to be of great value; and that when he, Aldrich, instituted the action of deceit, he supposed the land was in Pennsylvania, and so instructed his counsel. This evidence was clearly competent. The burden was upon the plaintiff to show, not only that the allegation was false, but that it was wilfully false and malicious. 2 Greenl. Ev. § 449, and cases cited. The evidence objected to tended to show that the falsity in the allegation was in a part of it not material, and was occasioned by an honest mistake. It thus had a direct tendency

to rebut the inference that the charge was wilfully false and malicious,

The position taken by the plaintiff, that this issue was not open under the pleadings, cannot be sustained. In a suit for malicious prosecution, the plaintiff must allege and prove that the prosecution was instituted maliciously and without probable cause. A denial of each and every allegation in the declaration puts in issue every fact which the plaintiff must prove in order to make out a *primâ facie* case. *Davis* v. *Travis*, 98 Mass. 222. *Boston Relief & Submarine Co.* v. *Burnett*, 1 Allen, 410. The answer in this case, therefore, put in issue the allegation that the former suit was instituted maliciously, and it was competent for the defendant to introduce any evidence to rebut that allegation.

*Exceptions overruled.*

*A. G. Biscoe*, for the plaintiff.
*P. E. Aldrich & H. Williams*, for the defendant.