HENRY M. GUILD *vs.* B. B. BELCHER & others.

Hampden.    Sept. 28, 1875. — Jan. 4, 1876.    AMES & DEVENS, JJ., absent.

If a promissory note, signed by one member of a partnership in the firm name, is given in payment of debts, some of which were contracted before another member came into the firm and the rest thereafter, and an action thereon by the payee of the note is defended by such other member alone, the plaintiff, in the absence

of evidence of actual fraud on his part, or of knowledge when the party defending entered the partnership, is entitled to recover for such debts covered by the note as were contracted after he became a member.

COLT, J.   The action is against a partnership upon a promissory note payable to the plaintiff, and signed by Henry Comstock, one of the members, in the partnership name.   The answer is a general denial; and the plaintiff was required, as part of his case, to prove the consideration of his note.  *Davis* v. *Travis*, 98 Mass. 222.   Belcher, the only one who defends, relied on the fact that the note declared on was given by another partner in part for a debt contracted before he became a member of the firm.

The judge was asked by the plaintiff to rule, that if a specific part of the consideration was a debt contracted while Belcher was a member, for which Comstock was authorized to give a note, then the plaintiff could recover that part.   The judge declined to give this instruction, and instructed the jury that if the defendant was a partner, yet if the note was given without the knowledge or authority of the defendant, partly for a debt of the partnership, and partly for the debt of the other partners before he went into the partnership, the plaintiff could not recover on the note.   The plaintiff was entitled to the ruling requested by him.

There is nothing in the case to charge the plaintiff with actual fraud, or to show that he knew the time when Belcher became a member of the firm, and no evidence that Belcher was not a secret partner.   The defence, upon the evidence, amounted to partial want of consideration.   The ruling asked for assumes that the note was rightly made and delivered, so far as it was founded on a valid consideration; and the case is presented of a promise founded on two distinct considerations, only one of which is good, where there is no difficulty in making the apportionment.   In such case the plaintiff is entitled to recover to the extent of the valid consideration.   This was held in *Parish* v. *Stone*, 14 Pick. 198, where it was also held that the holder in such case recovers on the note and not on the original consideration, because otherwise the right to recover *pro tanto* would not pass to the indorsee by the transfer of the note.   And an indorsee without notice recovers the full amount of the note against all who are members at the time it was given.   *Loring* v. *Sumner*, 23 Pick. 98.   *Hodg*

*kins* v. *Moulton*, 100 Mass. 309.    *Wintle* v. *Crowther*, 1 Cromp.
& J. 316.    *Wilson* v. *Lewis*, 2 Man. & G. 197.

*Exceptions sustained.*

*G. Wells*, for the plaintiff.
*G. M. Stearns & M. P. Knowlton*, for Belcher.