LAVOISIER HILL *vs.* GEORGE CROMPTON & another, executors.

Worcester.   Oct. 8, 1875. — Jan. 10, 1876.   AMES & LORD, JJ., absent.

Under an answer denying each and every allegation in the plaintiff's declaration, the plaintiff is bound to make out his case; and all the facts necessary to be proved by him for this purpose are put in issue.

In an action against an executor to recover for services and disbursements in a suit brought by the plaintiff against a corporation for which it was contended the testator promised to pay, the plaintiff relied upon the testimony of a witness called by him that the testator had before that suit was brought agreed to pay for the expenses thereof, if it could not be settled for a certain amount. The defendant was permitted, against the plaintiff's objection, to testify for himself that, at an interview, during the pendency of that suit, at which the testator, the witness for the plaintiff and himself were present, the testator stated that the defendant was to look after his matters, that he wanted the defendant to understand that he never had any transactions with the corporation or any suit that was to be or had been brought against it, to which the witness made no reply, and that the testator further said that he had not long to live and wanted them to know about it. The jury were instructed that if the persons in whose presence the statements were made by the testator had no authority from the plaintiff to act in the matter to which the statements related, the jury were not to consider those statements as testified to by the defendant. *Held*, that the evidence was rightly admitted, as tending to contradict the plaintiff's witness, although the statements were made by the testator after the suit was brought. *Held*, also, that the instruction was sufficiently favorable to the plaintiff.

In an action against an executor to recover for services and disbursements in a suit brought by the plaintiff against a corporation, for which it was contended the testator promised to pay, the plaintiff relied upon the testimony of a witness that in reply to a question of the plaintiff as to what they should do about the suit, the testator said, " If you can settle the matter by taking off $400 or $500, do so; if not, fight it, and I will pay the bill." Another witness gave substantially the same testimony, except that he did not refer to the matter of attempting a settlement as stated by the first witness. *Held*, that the jury were rightly instructed that the plaintiff could not recover without showing that he attempted to settle with the corporation by throwing off $400 or $500 before he brought the suit, although the answer contained only a general denial.

On a bill of exceptions to the refusal of a judge to set aside a verdict and grant a new trial, asked for on the ground that the verdict was for a larger amount than was warranted by the instructions given, this court will not sustain the exceptions unless they present sufficient facts to enable the court to perceive that the judge erred in matter of law in holding that there had been no error in the computation to the injury of the excepting party.

CONTRACT, by the surviving partner of the firm of Hill & Chapman, on an account annexed, for money paid to E. C. Cleveland, the defendants' testator, and for services and expenses incurred in the prosecution of a suit brought by the plaintiff, as such surviving partner, against the Newburg Woollen Company, at the alleged request of Cleveland, to recover payment for certain machinery which Cleveland manufactured, as the agent of Hill & Chapman, for the Newburg Woollen Company, and delivered to said company. Writ dated October 27, 1873. The account annexed showed a debit of $4353.68, and a credit of $3700.10, leaving a balance due of $653.58. The first twenty-six items of the account related to the expenses and services in the suit against the Newburg Woollen Company, and amounted to $2093.79. The answer denied each and every allegation in the plaintiff's declaration, except as to the credit side of the account. The defendants also filed a declaration in set-off, showing a debit of $3797.57, and a credit of $2261.82, leaving a balance of $1535.75. The answer to the declaration in set-off admitted debits to the amount of $3026.09, and alleged that credit was given therefor in the plaintiff's account. It also admitted the credit side of the account and denied the other items.

The case was referred to an auditor, who found for the plaintiff for $653.58, and interest.

At the trial in the Superior Court, before *Dewey*, J., the only matter of fact in dispute was as to the liability of the defendants

for the services and disbursements in the action against the New-
burg Woollen Company. It appeared in evidence that said com-
pany refused to pay for the machinery on the ground that it was
defective and not delivered on time.

The plaintiff put in evidence the auditor's report, and the
deposition of Edwin S. Lawrence of New York, who testified that
he was the salaried superintendent of the machinery department
of Hill & Chapman, from May, 1870, to November, 1872 ; that
in the latter part of 1870 Cleveland furnished machinery, as agent
for Hill & Chapman, to the Newburg Woollen Company ; that
he, Lawrence, made the contract, as agent for Hill & Chapman,
between them and Cleveland ; that a greater part of the commu-
nications between Cleveland and Hill & Chapman were made by
him ; that he heard the alleged contract between Hill & Chapman
and Cleveland, under which the plaintiff claims they sued the New-
burg Woollen Company, and on which this suit was brought, and
his testimony was in substance as follows : " I heard a conversa-
tion between Cleveland and Hill & Chapman, concerning the ex-
penses of the suit in New York, in 1870, after the machinery had
been shipped to the Newburg Woollen Company, and set up in
their mill ; the company had refused to pay the bill, claiming
that the machinery was not according to contract and not deliv-
ered on time ; just before this conversation, Hill, Cleveland and
I had been to the office of Orrin Skinner, a lawyer, to consult
with him about collecting the claim ; after we left his office, Hill
said to Cleveland, ' What shall we do about it ? ' referring to the
claim against the company ; Cleveland replied, ' If you can settle
the matter by taking off $400 or $500 do so ; if not, fight it, and
I will pay the bill.' " He also testified that he went to Worces-
ter, on July 26, 1871, to assist Mr. Skinner, who had been em-
ployed by Hill & Chapman, in taking the deposition of Cleveland,
to be used in the Newburg suit ; that he attended to the taking
of said deposition as agent of Hill & Chapman ; that he went to
several other places, and at the request of Mr. Skinner, to assist
in getting testimony for the plaintiffs in the suit ; that he never
had any conversations with Cleveland in relation to the suit against
the Newburg Woollen Company, except the one before referred
to in New York, and one at the time Cleveland's deposition, to
be used in the suit against the Newburg Woollen Company, was
taken, in Worcester, about July 26, 1871.

The plaintiff also put in evidence the deposition of one Jackson, whose testimony was substantially the same as that of Lawrence as to the agreement of Cleveland to pay for the suit against the company, and as to the direction given by Cleveland to sue the company upon its refusal to pay for the machinery delivered by Cleveland, except that Jackson did not refer to the matter of attempting a settlement as stated by Lawrence.

The defendants, against the plaintiff's objection, were allowed to introduce the testimony of W. W. Rice, one of the defendants, as to a conversation between Cleveland and Lawrence, about July 26, 1871, at the time the deposition of Cleveland was taken, to be used in the suit against the Newburg Woollen Company, and after the suit was brought against the company, which testimony was as follows: " I am one of the executors of Cleveland, and had charge of all his affairs; I had a conversation with Cleveland and Lawrence, at the time said deposition was taken, and before they began to take the same. Cleveland said to Lawrence that he had sent for me because I was to look after his matters ; that he wanted me to understand that he had nothing to do with the Newburg Woollen Company or any suit that was to be or had been brought against the company ; that the business was transacted with Hill & Chapman ; that he never had any transactions with the Newburg Woollen Company ; to which Lawrence made no reply ; that Cleveland further said in that conversation to Lawrence and me, that he had not long to live, and he wanted us to know about it."

Neither Hill nor Chapman were present at this conversation ; and there was no evidence except as hereinbefore stated that the agency of Lawrence extended to the subject matter of said conversation, or that he had any authority except as hereinbefore stated, to bind the plaintiff by any part he might take in any conversation. There was no evidence that Lawrence heard said statement, except as aforesaid, and the statement of Mr. Rice on cross-examination that the remarks were made to all in the room, including him and Lawrence and the magistrate and the lawyers on both sides of the Newburg Woollen Company suit, and that he and Lawrence got on the right of Cleveland, at the time they were made, and Lawrence heard the same.

The plaintiff objected to the admission of this evidence or any evidence tending to disprove the defendants' liability, on the ground that it was not admissible under the answer, and that he had no notice of such defence, and could have brought sufficient evidence to rebut the same; and also contended that the evidence thus introduced was incompetent in the absence of the plaintiff, and incompetent, as being a statement after suit was brought by his alleged request, to disprove the alleged contract to pay the expenses of said suit, made before said suit was brought.

There was no evidence at the trial to support the defendants' declaration in set-off, except the admissions contained in the answer thereto; and there was no evidence of any attempt to settle by the plaintiff with the Newburg Woollen Company before suit.

The jury were instructed that, if they found for the defendants, they could not find for items in the declaration in set-off which were not admitted upon the pleadings.

As to the testimony of Mr. Rice, the judge instructed the jury "that if the persons in whose presence said statements were made by said testator had no authority from the plaintiff to act in the matter as to which the testator made the statements, then the statements were not competent for the jury, and the jury would not consider as in the case the statements testified to by Mr. Rice."

The judge also instructed the jury that if they believed that the contract between the plaintiff and Cleveland was as testified to by Lawrence, in regard to paying the expenses of the suit against the Newburg Woollen Company, then the plaintiff could not recover these expenses without showing that he attempted to settle with the Newburg Woollen Company, by throwing off $400 or $500 before they brought a suit against them.

The jury found for the defendants, and assessed damages in the amount of $1535.75. The verdict was rendered March 23, 1875. The jury were instructed to give interest on the amount they found due from the date of the writ.

The plaintiff moved to set aside the verdict, on the ground that it was unwarranted by and contrary to the evidence, and contrary to law and the ruling of the judge as to the amount of the verdict. This motion was overruled by the judge.

To these rulings and to the admission of the evidence objected to, the plaintiff alleged exceptions.

*W. A. Gile*, for the plaintiff.

*F. T. Blackmer*, for the defendants.

DEVENS, J.   Upon an answer denying each and every allegation in the plaintiff's declaration, the plaintiff is bound to make out his case, and all the facts necessary to be proved by him for this purpose are put in issue. *Davis* v. *Travis*, 98 Mass. 222. While the defendants pleaded nothing in avoidance or discharge of the liability, which the plaintiff sought to impose upon the estate of their testator, but simply negatived the averments of the declaration, they were entitled by any appropriate evidence to meet that offered by the plaintiff, and thus disprove their liability. Under an answer denying the making of a promissory note, an alteration since it was signed may be proved. *Lincoln* v. *Lincoln*, 12 Gray, 45. And a defendant in replevin, under an answer denying the plaintiff's title and right of possession, may prove property in himself. *Verry* v. *Small*, 16 Gray, 121. *Hawes* v. *Ryder*, 100 Mass. 216, and cases cited.

The matter in controversy related to the liability of the defendants' testator for services and disbursements in a suit brought by the plaintiff against the Newburg Woollen Company, and he relied upon the testimony of one Lawrence that Cleveland had before that suit was brought agreed to pay for the expenses thereof.   It was shown by the testimony of Mr. Rice, that while that suit was pending, and while Lawrence was acting for the plaintiff at the time of taking a deposition, Cleveland informed Lawrence in his presence that Rice was to act for him in his matters, that he wanted Rice to understand that he had nothing to do with the Newburg Woollen Company, or any suit that was to be or had been brought against that company ; that the business was transacted with Hill & Chapman, that he never had any transactions with the Newburg Woollen Company, to which Lawrence made no reply.   Cleveland afterwards added, according to the testimony of witness, "that he had not long to live, and wanted us to know about it."   The jury were instructed by the judge to disregard this statement, unless Lawrence had authority to act for the plaintiff as to the matter in reference to which it was made.   This ruling was sufficiently favorable to the plaintiff.

Lawrence was a witness for him as to the vital question in the case, namely, whether Cleveland had ever become responsible for these expenses, and had testified that in a certain contingency Cleveland had agreed thus to become responsible. It was competent to contradict him by showing that he had made statements inconsistent with his testimony, and it was also competent to do this by showing that he was silent when statements inconsistent with it had been made in his presence. It was for the jury to determine whether he understood them, had the opportunity to reply to them, could properly have done so, and generally whether he so conducted himself that by his silence he must be deemed to have acquiesced. If this were shown, it would tend to impeach him as to the testimony given in the case, as any acts or declarations of a witness inconsistent with his testimony are always admissible for this purpose. *Commonwealth* v. *Galavan*, 9 Allen, 271. *Brigham* v. *Clark*, 100 Mass. 430. As this evidence was thus admissible, it can have done the plaintiff no harm that the court only permitted it to be considered in case the jury should find that Lawrence had authority to act for the plaintiff. There is nothing in the exceptions to show that any force was given to it on that account against him.

It is not important that this declaration of Cleveland was made after suit brought, for the statement itself could not have been admitted in evidence unless it were acquiesced in, and this acquiescence, whenever made by Lawrence, tended to control his testimony.

The instruction, that according to Lawrence's statement of the agreement the plaintiff could not recover without an attempt to settle by throwing off $400 or $500, was also correct. This was not a matter in avoidance requiring to be specially set forth as the plaintiff contends. The contract as testified to by Lawrence was not an absolute one to pay the expenses, but to pay them if the claim could not be settled by throwing off $400 or $500, and it was a part of the plaintiff's case to show that he had made the attempt before by the contract any obligation was imposed on defendant. While Jackson stated the agreement without this qualification, and the jury or the auditor might have found that Jackson's was the correct statement, as the plaintiff relied also on Lawrence's statement, an instruction was necessary as to what

would be required of the plaintiff if the contract were found to have been as stated by him.

No sufficient facts are presented to enable us to perceive that the court erred in matter of law in holding that the verdict had been correctly computed, or at least that there had been no error in the computation to the injury of the excepting party.

*Exceptions overruled.*