GUSTAVE AMSINCK & another *vs.* AMERICAN INSURANCE
COMPANY.

SAME *vs.* BOYLSTON MUTUAL INSURANCE COMPANY.

SAME *vs.* NEW ENGLAND MUTUAL INSURANCE COMPANY.

Suffolk.    March 18, 1879. — July 10, 1880.    AMES & LORD, JJ., absent.

One who has made an oral contract to purchase a vessel has an insurable interest
in her, notwithstanding the statute of frauds.

In an action on a policy of marine insurance, evidence of a deviation from the
voyage insured, by an unreasonable delay in prosecuting it, is admissible under
a general denial in the answer.

THREE ACTIONS OF CONTRACT upon policies of marine in-
surance. At the trial in this court, before *Morton*, J., the jury
returned a verdict for the plaintiffs; the case was reported for
the consideration of the full court, and appears in the opinion.

*A. S. Wheeler & E. W. Hutchins*, for the defendants.

*L. S. Dabney & R. H. Dana, Jr.*, for the plaintiffs.

ENDICOTT, J.    Upon the facts reported, the court is of opinion
that Machado had an insurable interest in the vessel at the time
the policies attached, even if we assume that they took effect on
July 5, 1876, the day of their date.    On that day, the plaintiffs,
as agents for Machado, made an oral agreement in New York
with the owners of the vessel for her purchase for the sum of
$11,000, payable on delivery of a proper bill of sale; and, having
previously ascertained that the defendants would insure her, they
gave directions to have the insurance closed.    The policies were
written on that day; the precise time of their delivery does not
appear.    The oral contract to purchase was reduced to writing
and signed by the plaintiffs and the owners on July 7; and a
portion of the purchase money was paid on that day.    Possession
was taken by Machado, the balance due was paid, and a bill of
sale was duly executed to a third person in trust for Machado,
who was a foreigner.

It is conceded by the defendants that Machado was the only
person whose interest was insured, as appears by the declarations
and the policies.    But they contend that he had no insurable
interest on July 5, for at that time he had only an oral contract
for the purchase of the vessel; and that such a contract, being

within the statute of frauds, and incapable of being enforced, gives no insurable interest.

But the oral contract to purchase was not void or illegal by reason of the statute of frauds. Indeed, the statute presupposes an existing lawful contract; it affects the remedy only as between the parties, and not the validity of the contract itself; and where the contract has actually been performed, even as between the parties themselves, it stands unaffected by the statute. It is therefore to be "treated as a valid subsisting contract when it comes in question between other parties for purposes other than a recovery upon it." *Townsend* v. *Hargraves*, 118 Mass. 325, 336. *Cahill* v. *Bigelow*, 18 Pick. 369. *Beal* v. *Brown*, 13 Allen, 114. *Norton* v. *Simonds*, 124 Mass. 19. See also *Stone* v. *Dennison*, 13 Pick. 1. Machado had under his oral agreement an interest in the vessel, and would have suffered a loss by her injury or destruction. *Eastern Railroad* v. *Relief Ins. Co.* 98 Mass. 420. This interest he could have assigned for a valuable consideration, and, if he had assigned it, all the rights afterwards perfected in him would have enured to the benefit of his assignee. *Norton* v. *Simonds, ubi supra*. The case of *Stockdale* v. *Dunlop*, 6 M. & W. 224, relied upon by the defendants, does not sustain their position, for reasons which are stated in *Townsend* v. *Hargraves, ubi supra*.

The several policies of the defendants insure the ship on a voyage " at and from New York, via Bangor, to St. Michael, Western Islands." She left New York on September 3, and arrived at Bangor on September 13, where she took in additional cargo; from that port she sailed on October 27, and was lost on her passage to St. Michael. The defendants offered evidence of unreasonable delay at Bangor, where the ship remained for forty-three days, contending that, under the general denial of the answer, they could show that she did not sail on the voyage insured; in other words, that there was a deviation.

Any departure from the route named in the policy to a port or place not named, and any delay in prosecuting the voyage, without necessity or just cause, or any delay at a port named in the policy, for the prosecution of business not connected with the business of the voyage, or any unreasonable delay at such port ir prosecuting the business of the voyage, is a deviation. Whether

the risk is increased thereby is immaterial. The assured has no right to substitute a different voyage for that which is insured, and can only recover for a loss sustained while the ship is prosecuting the voyage named in the policy; and if she has deviated prior to the loss, she is not then prosecuting the voyage for which she was insured. Whenever, therefore, she departs from the route, or delays in the prosecution of it, it is incumbent on the assured to show that the departure was caused by necessity, or that the delay at a port named in the policy was reasonable under the circumstances in order to accomplish the objects of the voyage. *Burgess* v. *Equitable Ins. Co.* 126 Mass. 70, and cases cited. *African Merchants* v. *British Ins. Co.* L. R. 8 Ex. 154.

The declaration in each of these cases alleges that the defendant insured the ship, " on a voyage at and from New York, via Bangor, to St. Michael, Western Islands; and while proceeding on said voyage said ship was wrecked, and totally lost by the perils and dangers of the seas." These are necessary allegations, which the plaintiff is bound to establish in order to recover, namely, that the ship was insured on that voyage, and while prosecuting it she was lost by the perils of the sea. The answers admit that the defendants insured the ship for that voyage, but they contain a general denial of each and every other allegation in the declaration. In this state of the pleadings, the plaintiffs introduced evidence to prove that the ship was prosecuting the voyage named in the policy when she was lost; that she sailed from New York to Bangor, and from Bangor to St. Michael, and was totally lost between those ports.

We are of opinion that the defendants should have been allowed to rebut and control that evidence, which was a necessary part of the plaintiff's case, by showing that the ship did not sail on the voyage insured, that there was a deviation from that voyage by unreasonable delay at Bangor; and evidence of deviation, by departing from the route, or by unreasonable delay in prosecuting it, is appropriate to prove that the voyage actually prosecuted was not the voyage insured. It certainly would have been competent to prove, under the general denial, and in reply to the plaintiffs' evidence, that the ship went to Portland, and not to Bangor; and it is equally competent to prove that she deviated from her route by unreasonable delay at Bangor. The

defendants rest their defence, not upon matter in discharge and avoidance, but upon a denial of the allegations in the declaration, to support which evidence must be introduced; and we are of opinion that the ruling which excluded the evidence offered by the defendants, as inadmissible under the answer, was erroneous. A denial of each and every allegation in the declaration puts in issue every fact which the plaintiff must prove to make out a *prima facie* case. ·Gen. Sts. *c.* 129, § 17. *Mulry* v. *Mohawk Valley Ins. Co.* 5 Gray, 541. *Lincoln* v. *Lincoln*, 12 Gray, 45. *Boston Relief & Submarine Co.* v. *Burnett*, 1 Allen, 410. *Davis* v. *Travis*, 98 Mass. 222. *Brigham* v. *Aldrich*, 105 Mass. 212. *Hill* v. *Crompton*, 119 Mass. 376. *Mosler* v. *Potter*, 121 Mass. 89. Of these cases *Lincoln* v. *Lincoln* most nearly resembles the case at bar. It was there held that, under an answer denying the making of a promissory note, an alteration after it was signed might be proved; and it was said by Mr. Justice Metcalf, in delivering the opinion, "No law, of which we have any knowledge, requires a defendant to give a plaintiff notice, written or oral, of the evidence which he intends to produce by way of rebutting that which the plaintiff must produce in order to support his case." The question is to be decided under our own system of pleading, as expounded by this court, and it is immaterial what may be the rule at common law, or under the practice in England.*

In this aspect of the case, we express no opinion upon the other questions raised in the report, and argued at the bar. They all relate to the admission of evidence, and to prayers for instructions, in regard to the unreasonable delay of the ship at New York. Many of them may not arise at a new trial, and, by the terms of the report, if any of the rulings made were erroneous, the verdicts are to be set aside. As we decide that Machado had an insurable interest in the ship when the policies attached, and that it was open to the defendants to show that there was unreasonable delay at Bangor, the cases must stand for trial upon the questions of delay at New York and at Bangor.

*Verdicts set aside.*

---

* On this point the plaintiffs cited *Tidmarsh* v. *Washington Ins. Co.* 4 Mason, 439, 441; 2 Greenl. Ev. §§ 395, 399, 403; Chit. Pl. (11th Am. ed.) 515 *a.*