JAMES DONNELL, and others, *vs.* REBECCA M. WYLIE.

Lincoln.   Opinion November 30, 1892.

| 85 | 143 |
| 95 | 549 |
| 85 | 143 |
| 96 | 64 |

*Contracts.   Consideration.   Gift.   Delivery.   Mortgage.   Assignment.*

Both legal and equitable rights arise from a consideration, or from conditions that are equivalent to it, but never from mere voluntary unexecuted promises which have not induced action or change of condition so as to work a consideration for them.

Title to real estate may be conveyed by deed; it passes by devise or inheritance, and sometimes by judicial conveyance or operation of law, but never by parol gift only.

Delivery is essential to a valid gift *inter vivos.*

A promise to make a gift to another of mortgages on his property, the promisor being under no legal obligation to do so, is but an executory gift,— a mere intention to give without doing so. So long as the transaction remains executory and the promisor retains the title and the muniments of it himself, no gift becomes executed and no equity passes to the promisee ; but if there

is a contract founded on a consideration that the promisor will pay the mortgages for the promisee, then, upon his doing so, an equitable title will pass to the promisee although the promisor takes an assignment of them in his own name.

ON MOTION AND EXCEPTIONS.

The case appears in the opinion.

*W. H. Fogler*, and *W. H. Hilton*, for plaintiffs.
*George B. Sawyer*, for defendant.

HASKELL, J.  Writ of entry to recover land from the possession of defendant, a widow, whose husband once owned the same and mortgaged it.  These mortgages were foreclosed and assigned to Samuel Donnell, the plaintiffs' ancestor.  The defendant contends that they were paid and redeemed by him for her and not purchased on his own account ; that he gave them to her, and that plaintiffs are estopped by his acts from disputing the fact.

Exceptions are taken to rulings at the trial, in substance, that Donnell purchased the mortgages for himself, and has been guilty of no fraudulent acts that estop the plaintiffs from asserting title under them ; that a promise by Donnell to give the mortgages to the defendant (he being under no legal obligation to do so) would be but an executory gift, a mere intention to give without doing it ; not an executed gift that might vest the equitable title in defendant ; that "saying that he had paid them or taken them up, or that he had made a gift of them" to her, "even if he supposed the assignments would have the effect of payment instead of purchase " " would not alter the case ;" that so long as the transaction remained executory and he retained the title and the muniments of it himself, no gift became executed and no equity passed to the defendant ; but that if there was a contract between Donnell and the defendant, made in consideration of money that he owed her or was to owe her, that he would pay the mortgages for her, then, upon his doing so, the equitable title passed to her, although he took the assignment of them in his own name, and the plaintiffs cannot recover.  The other exceptions are not pressed, and are of too vague a character to require consideration here.

A motion for a new trial is made by plaintiffs, because the verdict is not supported by the evidence.

The evidence discloses that the defendant, a widow, threatened with trouble from outstanding mortgages upon her homestead and perhaps with ejectment from her home, requested Samuel Donnell, her friend, to take them up. He did so, and during ten years, the remainder of his life, allowed the defendant to continue to occupy the property and deal with it as if it were her own; he, meantime, holding the legal title and the muniments of it, and, being a sea-faring man, staying periodically at her house, when ashore at Boothbay, as convenience might require him to do. The testimony of several witnesses indicates that he, at various times, expressed the intention of giving her the property. Some of them say that he had said that the property was hers; but he never did give it to her, and died without executing any such purpose. The mortgages and assignments of them at his death were found in his safe among his other valuable papers at Bath, where his home was, and the title descended to the plaintiffs, his legal heirs.

The defendant neither furnished funds nor securities, nor any valuable consideration, to procure a redemption of the mortgages, nor does the evidence show any contract between Donnell and the defendant, whereby he engaged to assume the mortgages in her behalf. His conduct was purely voluntary; no doubt incited by a desire to make her comfortable in the continued enjoyment of her home. She has neither a valid claim at law nor in equity to be the real owner of the property. For ten years she has had the use and income of it, but she has never acquired any title to it. The verdict is fully sustained by the evidence and the motion must be overruled.

Complaint is made that equitable defenses were shut out from the consideration of the jury. On this score, the defendant has no cause for complaint. Defendant's equity can only arise, in this case on three grounds. First: that, by contract, Donnell engaged to redeem the mortgages for the defendant. That question was submitted to the jury and settled in the

negative. Second: that Donnell, pretending to have paid the mortgages, secretly purchased them himself, and fraudulently allowed the defendant, by substantial improvements or otherwise, to increase the value of the property, supposing it to be her own, when equity might take him at his word and estop him from claiming the contrary, or in the absence of fraud give her a lien for her expenditures on the same, *King* v. *Thompson*, 9 Pet. 204, or where improvements have been made, working a consideration for the gift, decree specific performance. *Neale* v. *Neales*, 9 Wall. 1. But the evidence shows no such state of affairs. Third: that Donnell had given the mortgages to defendant. This he never did do. He always retained the notes, mortgages and assignments, himself. He may have intended to do it, may have promised to do it, even may have supposed he had done it; but so long as he did not do it, no equitable right vested in the defendant. Title to real estate may be conveyed by deed, passes by devise or inheritance, and sometimes by judicial conveyance or operation of law, but never by parol gift only. *Duff* v. *Leary*, 146 Mass. 533. Mortgages of real estate may be equitably transferred by gift and delivery, the same as notes, bonds or chattels. *Borneman* v. *Sidelinger*, 15 Maine, 429; S. C. 21 Maine, 185; *Duffield* v. *Elwes*, 1 Bligh, N. S. 497. But see, *Dalton* v. *Woburn A. & M. Association*, 24 Pick. 257.

Both equitable and legal rights arise from a consideration, or from conditions that are equivalent to it, never from mere voluntary unexecuted promises that have not induced action or change of condition, so as to work a consideration for them. *Northrop* v. *Hale*, 73 Maine, 63; *Parish* v. *Stone*, 14 Pick. 197; *Wilson* v. *Clements*, 3 Mass. 1; *Fowler* v. *Shearer*, 7 Mass. 14; *Gould* v. *Belcher*, 119 Mass. 257; *Bank* v. *Copeland*, 77 Maine, 263; *Basket* v. *Hassell*, 107 U. S. 602.

Delivery is essential to a valid gift *inter vivos*. *Wing* v. *Merchant*, 57 Maine, 383; *Dunbar* v. *Dunbar*, 80 Maine, 152; *Augusta Savings Bank* v. *Fogg*, 82 Maine, 538; *Drew* v. *Hagerty*, 81 Maine, 231; *Sessions* v. *Mosely*, 4 Cush. 87;

*Miller* v. *Pierce*, 136 Mass. 20; *Mahan* v. *United States*, 16 Wall. 143.

Certainly the instructions excepted to were as favorable to the defendant as she would be entitled to have, in any form of action.

*Motion and exceptions overruled.*

PETERS, C. J., WALTON, VIRGIN, EMERY and WHITEHOUSE, JJ., concurred.