WILLIAM T. McRAE *vs.* NEW YORK, NEW HAVEN, AND
HARTFORD RAILROAD COMPANY.

Suffolk.    March 26, 1908. — June 17, 1908.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Pleading, Civil,* Answer.    *Limitations, Statute of.    Employers' Liability Act.
Negligence,* Employer's liability.

A defense which affects only the remedy, such as a statute of limitation, must be
pleaded as a matter of avoidance, and is waived by an answer containing only
a general denial.

Under our practice act a general denial puts in issue all facts which the plaintiff
must prove to establish his right to recover, whether such facts are alleged in
the declaration or not.

The provision of R. L. c. 106, § 75, that an action under the employers' liability
act must be brought within one year after the accident which causes the injury
or death, is not a mere statute of limitation, but states a condition precedent to
a right of action under the act, and accordingly the defense that such an action
was brought more than a year after the accident is open to a defendant whose
answer contains only a general denial.

HAMMOND, J.    This is an action of tort to recover for per-
sonal injuries caused to the plaintiff by a fall.    The declaration
contained three counts, the first at common law, and the second
and third under the employers' liability act.    R. L. c. 106, § 71.
The jury found for the defendant upon the first count, and for
the plaintiff upon the second and third.    The case is before us
upon the defendant's exceptions.

One of the questions raised is whether the judge should have
ruled as requested by the defendant that the plaintiff could not
recover upon either the second· or third counts.    Upon this it
appeared that the action was not brought until more than one
year — nearly .two years — after the accident occurred; and it
is contended by the defendant that for that reason, if for no
other, there can be no recovery upon these counts.    As already
stated, these counts are based upon R. L. c. 106, § 71.    It is pro-
vided in § 75 of that chapter that " no action for the recovery
of damages for injury or death under the provisions of §§ 71–74,
inclusive, shall be maintained unless notice of the time, place
and cause of the injury is given to the employer within sixty
days, and the action is commenced within one year after the

accident which causes the injury." If this provision as to the
time within which the action may be brought is merely a stat-
ute of limitation affecting only the remedy, then it must be
pleaded in the answer in order to be availed of as a ground of
defense. Such a defense is regarded as a matter of avoidance
because it admits a cause of action once to have existed. *Sawyer*
v. *Boston,* 144 Mass. 470. *Emmons* v. *Hayward,* 11 Cush. 48.
*Middlesex Company* v. *Osgood,* 4 Gray, 447. R. L. c. 173,
§§ 24, 27. If not set up in the answer it is regarded as waived,
and cannot be raised at the trial. In the case before us the
answer was simply a general denial. If, however, the pro-
vision as to time is to be regarded as one of the conditions of
the right to maintain the action, then the plaintiff must show
as a part of his case that he has complied with the condition.
And in such circumstances the contention of a defendant that
this provision of the statute has not been complied with is not
in the nature of avoidance, but a denial of one of the facts essen-
tial to the plaintiff's case. A general denial therefore in such a
case raises the question. And that is so under our practice act,
even if there is no allegation upon that matter in the declara-
tion. *Davis* v. *Travis,* 98 Mass. 222. *Hill* v. *Crompton,* 119
Mass. 376.

Under the pleadings in this case it, therefore, becomes neces-
sary to determine the nature of the provision in question. The
kind of legislation finally ending in R. L. c. 106, §§ 71 *et seq.* began
with St. 1887, c. 270 ; and, although this act had been amended
several times, yet, inasmuch as this provision as to time has been
continued all the way through substantially the same and must
be regarded as having the same meaning throughout the whole
legislation, it is useful to refer to the act.

This act greatly enlarged the rights of employees or their
representatives to recover damages in case of injury or death.
It gave a right of action where none would have existed at the
common law, and it provided that " no action for the recovery
of compensation for injury or death under this act shall be main-
tained, unless notice of the time, place and cause of the injury
is given to the employer within thirty days, and the action is
commenced within one year, from the occurrence of the acci-
dent causing the injury or death." Is this provision as to the

one year simply a statute of limitation affecting only the remedy, or is it one of the conditions upon which the right of action depends? The question is narrow, and not entirely free from difficulty.

In support of the proposition that it is simply a statute of limitation, it may be argued that the provision presupposes the existence of a complete right of action after the notice is given for at least the rest of the year, and that at least to this right of action the clause in question is plainly not essential; that the language as to bringing an action after the expiration of the year is no stronger than may be found in the general statute of limitations, and that full effect is given to the clause if it be regarded simply as a provision shortening, in this particular action, the time usually allowed in actions for personal injuries from six years to one year; that such is the most natural construction, and that the statute being remedial should be liberally construed in favor of those to whom the new action is given.

But, notwithstanding these and other obvious considerations in the same line, we cannot adopt this view of the clause in question. It is to be noted that this clause is preceded by that as to notice, both clauses being in the same sentence. It has been settled that the clause relating to the notice is a condition precedent to the right of action, or in other words that the giving of the notice is one of the essential elements of the cause of action; and that where the declaration fails to allege the proper notice the question can be raised by demurrer. *Veginan* v. *Morse,* 160 Mass. 143, and cases cited. In this part of the statute the Legislature seems to be dealing with conditions upon which the right of action given in previous parts of the statute should be availed of. It imposes two conditions, one as to notice and one as to the time in which the action should be brought. The language as to the necessity for the existence of the one is the same as that with reference to the necessity for the existence of the other. One has already been declared to be a condition precedent. The right of action is created by the statute and is maintainable solely by its authority. In view of these considerations, we think that the same rule must be applied to the second condition as to the first, and that this limitation of time must be regarded not merely as a statute of limitation but as one of the

conditions of a right of action. It forms one of two conditions, each of which is essential to the right of action. The right must be accepted and pursued under the conditions affixed to it. For cases in which a similar conclusion is reached upon statutes resembling our statute in this respect, see among others *Maylone* v. *St. Paul,* 40 Minn. 406; *Hill* v. *Board of Supervisors,* 119 N. Y. 344; *Hanna* v. *Jeffersonville Railroad,* 32 Ind. 113; *Taylor* v. *Cranberry Iron & Coal Co.* 94 N. C. 525; *Best* v. *Kinston,* 106 N. C. 205; *Elliott* v. *Brazil Block Coal Co.* 25 Ind. App. 592; *Stern* v. *La Compagnie Générale Transatlantique,* 110 Fed. Rep. 996, and cases cited. See also *Barker* v. *Palmer,* 8 Q. B. D. 9; *Johnston* v. *Shaw,* 21 Sc. L. R. 246. Where the facts appear in the declaration the question can be raised of course by demurrer. *Hill* v. *New Haven,* 37 Vt. 501, 511.

It follows that this defense was open to the defendant upon the general denial contained in its answer; and that the instructions requested by the defendant that the plaintiff could not recover on either the second or the third counts should have been given. The exceptions to the refusal to give these requests are sustained. The record shows no reason for disturbing the verdict on the first count. It becomes unnecessary to consider the defendant's other exceptions.

*Exceptions sustained.*

*J. L. Hall,* for the defendant.
*M. A. Sullivan,* (*B. R. Wilson* with him,) for the plaintiff.

