Mason, J.
The Trial Court made the following findings and rulings:
“This action is based on a note, and the only answer pleaded is a general denial.
“The plaintiff introduced the note, copy of which is attached to the declaration.
“I find that the defendant signed the note on August 2, 1936, together with an enrollment application; that in this application the defendant agreed to make payments at the same time as set forth in the note, upon acceptance of the application; that the application further provided that it became a contract on acceptance by the plaintiff; that the defendant notified the plaintiff on August 5, 1936, that he cancelled his application and that the plaintiff did not accept the application till later. I find further that the note was given in payment for the instruction to be given under the contract for which the plaintiff applied, but that no contract ever came into existence, and that there was a complete lack of ' consideration for the note.
“The defendant at the trial asked the plaintiff to produce a letter written by him to the plaintiff, without having previously notified the plaintiff that he desired the letter produced. The plaintiff’s attorney did not have the letter and the defendant offered oral evidence of its contents. I received this evidence de bene, and on the plaintiff’s motion I now exclude it.
“The plaintiff presented three requests for rulings, all of which I deny. The introduction of the note made out a prima facie case, but the burden of proving consideration was on the plaintiff after evidence on the point was also introduced. Wolff v. Perkins, 254 Mass. 10.”
The two dates in the above finding appearing as “193.6” should appear as “1934”.
*627 The Court found for the defendant.
The plaintiff had filed the following requests for rulings—
“1. On all the evidence the plaintiff is entitled to recover for the reasons that
a. The introduction and admission in evidence of the note declared upon together with the defendant’s admission that no payment other than the initial payment was ever made thereon, made out a prima facie case for the plaintiff.
h. The defendant introduced no evidence to rebut the plaintiff’s prima facie ease.
2. The evidence is insufficient to warrant a finding by the Court that the defendant cancelled the contract before it was accepted by the plaintiff.
3. In view of the pleadings, if the Court should find that the contract was cancelled, such finding of cancellation will not bar the plaintiff from recovery.
These requests raise two questions, one a question of pléading, and the other a question whether the evidence was sufficient to justify the finding that the offer in the enrollment application was not accepted before withdrawal.
In Davis v. Travis, 98 Mass. 222, it was held that lack of consideration might be shown under an answer containing simply a general denial. This seems to be conclusive on the question of pleading.
The plaintiff has the burden of proving that there was consideration for the note in question. The plaintiff made a prima facie case on this point by producing the note, which purports to be “For value received”, and was signed by the defendant. However, this is a mere admission out of court, and like any other admission or receipt, is open to explanation or contradiction by evidence in court.
The note and the enrollment application, although on separate pieces of paper, were parts of one transaction. *628 The application was signed by the defendant, but it did not purport to be a contract until it was accepted by the plaintiff. The application now bears an acceptance dated Aug. 7, 1934. It is elementary that the offer could be withdrawn at any time before acceptance.
The defendant testified that he had made one payment, to wit, the sum of $5. at the time of the execution of the application and note herein referred to and that he made no further payments. Defendant further testified that the day following the execution of both the aforementioned papers he sent a special delivery letter directed to the plaintiff which he never received back, and which it was agreed should have in the usual course reached the plaintiff on August 5th; that he subsequently received from the plaintiff a certificate of enrollment dated August 13th, in the school of the plaintiff, and a letter also dated August 13th, which acknowledged receipt of the defendant’s letter and referred to it “as your letter requesting cancellation”, which letter may be referred to at the time of argument before the Appellate Division.
There was no evidence that the plaintiff gave notice prior to August 13, 1934, that it had accepted the defendant’s offer, and it was incumbent upon the plaintiff to show such acceptance prior to the withdrawal of the offer. Without proof of such acceptance as to convert the enrollment application into a binding contract there was no consideration for the note in suit.
We find no prejudicial error in the refusal to rule as requested, and the report must be dismissed.