Judge Simpson
delivered the opinion-of the Court.
The question which arises in this case is, whether or not, after a dissolution, a note made by one partner, in the name of the firm, in liquidation of a firm debt, will bind his co-partner.
The doctrine is well settled, that after a partnership has been dissolved, and legal notice of the dissolution has been given, one partner cannot bind his *356 co-partners by the execution of a note, or any other instrument of writing which creates a new cause of action, even for the renewal of a partnership note, or the settlement or liquidation of a partnership account. (Abet vs. Sutton, 3 Esp., 108 ; Wrightson vs. Pullam, 1 Starkie, 375; Sandford vs. Nickles, 4 Johns. Reports, 224; Bank of South Carolina vs. Humphreys, 1 McCord, 388 ; Bell vs. Morrison, 1 Peters’ South Carolina Reports, 351; National Bank vs. Norton, 1 Hill’s New York Reports, 572.)
of, one partner cannot bind his former co-pa-tner by any other instrument of writing which creates a new cause of action, even for the renewal of a partnership note, or the liquidities of a partnership account.
2. But a note given by one of a firm in the usual comae of business, will be binding on the other members of the firm unless the payee had notice of the dissolution.
3. The court should not give to the jury a positive instruction to find a particular fact when there is testimony conducing to show the contrary.
According to strict legal principles one partner has no power, after the dissolution, to bind his co-partner ; but for the protection of third persons the obligation of the firm and the authority of the partners are continued until legal notice of the dissolution is given. But partners should be held liable in such cases only where the holder has received the note in the usual course of business, and without any knowledge that a dissolution had taken place. (Bristol vs. Sprague, 8 Wendell’s Reports, 424 ; Whitman vs. Leonard, 3 Pick., 179 )
In this case the note upon which the action was brought was executed by one of the partners upwards of two years after the dissolution had occurred ; it was given for goods which had been purchased of the plaintiffs for the firm previous to the dissolution, and was signed “Brown & Merrit, in liquidation” — ■ Brown & Merrit having constituted the firm.
The dissolution, the time thereof, the subsequent execution of the note, and its consideration, having been proved, the defendant moved the court to instruct the jury that on the testimony adduced they should find a verdict in his favor, but the court overruled the motion, and instructed the jury to find for the plaintiffs.
This instruction cannot be sustained, for if it be conceded, as we are inclined to think it should be, that the note sued on must be regarded as having been executed and received by the holders in the usual course of business. — see Vernon vs. Manhattan Co. *357 17 Wendell, 524 — still there was not such an entire absence of testimony with respect to the knowledge of the plaintiffs at the time it was executed, that the firm had been previously dissolved, as to have justified an imperative instruction that the jury should find a verdict in their favor It is true there was no proof that notice of the dissolution had been published, or that the fact had bpen directly communicated to the plaintiffs, but the time which had elapsed after the dissolution before the note was executed, and the peculiar manner in which the signature of the name of the firm was made to the note, indicating that its affairs were in a state of liquidation and final settlement, were circumstances from which the jury might have inferred a knowledge, by the plaintiffs at the time of its execution, that the firm had been previously dissolved. The question of notice should therefore have been referred to the jury, and the instruction as given was erroneous.
4. One of a late firm who has executed anote for a debt of the late firm, which was probably barrt-d by the statute of limitation, is an incompetent witness to charge another member of the firm in a suit upon the note.
The deposition of the partner who executed the note in the name of the firm was read in evidence, and it is contended that he was an incompetent witness, and consequently that his testimony was improperly admitted. As however the deposition was read upon the trial without objection, no question can now be raised with respect to the propriety of its use upon that trial, but as it may, and probably wrill be objected to on the next trial, it is proper that we should, at this time, consider the question of the competency of this witness.
By the execution of the note in the name of the firm, he has bound himself for its payment, whether it be obligatory on the other partner or not. If, at the time of its execution, the debt was barred by the statute of limitations, as the facts proved by him tend to show, then, if he were to pay the note, the defendant not bfeing legally liable for the debt for which it was executed, would not be liable to him for contribution. In that state of case, therefore, the witness has an evident interest in having the defend *358 ant made liable upon the note, and cannot be regarded competent.
Wherefore the judgment, is reversed, and cause remanded for a new trial and further proceedings consistent with this opinion.