CASE 34—PETITION ORDINARY—SEPTEMBER 27.

# Vanbuskirk, &c. vs. Levy.

APPEAL FROM JEFFERSON CIRCUIT COURT.

An answer denying that the plaintiff was the holder and owner of the note sued on, and averring that it had been assigned by the plaintiff to another by deed for the benefit of creditors, may be regarded as a dilatory plea; not, however, resulting, even when sustained by proof, in a dismissal or abatement of the action, but furnishing ground for an order of court, requiring the additional party to be made on pain of dismissal without prejudice. The defect of parties not appearing in the petition, is properly taken by answer, which, although presenting nothing in bar of the action, presents an obstacle to a recovery until the necessary party is made. (17 *B. Mon.*, 602.)

Vanbuskirk, &c. vs. Levy.

The issue, *supra,* is triable by the court and not by the jury, and the *onus probandi* is upon the paity making the objection.

Where the answer of the defendant controverts none of the facts alleged in the petition, which fix his liability as indorser, or as the assignor for value of the note sued on, but merely denies that the plaintiff was the holder and owner of the note and alleges that it had been assigned to another, and the objection is not sustained by proof, the court should render judgment upon the merits without the intervention of a jury.

KINKEAD & BARR, for appellants, cited 7 *B. Mon.,* 557; *Civil Code, secs.* 30, 31; 1 *Condensed Rep.,* 313; 2 *Peters,* 332; 3 *B. Mon.,* 121; 8 *Ib.,* 403.

DEMBITZ & BIJUR, for appellee, cited 16 *B. Mon.,* 341; 2 *Mc-Lean's Rep.* 581; *Turney vs. Hunt,* 8 *B. Mon.; Civil Code, sec.* 158; 13 *B. Mon.,* 380; 3 *B. Mon.,* 121; 4 *J. J. Mar.,* 304.

JUDGE DUVALL DELIVERED THE OPINION OF THE COURT:

Grauman executed a note, dated New York, February 16, 1858, for $215 63, "with the current rate of exchange on New York," payable to M. D. Levy. The note was indorsed in blank by Levy, and was delivered to Vanbuskirk, &c., in payment of goods bought of them by Grauman.

In September 1858, suit was brought on this note by the holders against Grauman and Levy, in which the latter was sought to be held liable as the indorser of a bill of exchange. Judgment in this action was rendered against Grauman by default, and as to Levy the action was dismissed without prejudice, he having answered denying his liability as charged in the petition.

Execution was duly issued on the judgment against Grauman, and was returned "*no property,*" &c.

Vanbuskirk, &c., then, brought this action against Levy. In the first paragraph of their petition they claim that by the laws of New York the note is governed by the law merchant, and that the defendant became liable as the indorser, having been legally notified of the protest.

In the second paragraph they allege, in substance, that by the exercise of legal diligence they had prosecuted Grauman, the maker of the note, to insolvency ; that the "defendant, for value received, viz: the full value of the face of the note,"

had assigned the same to the plaintiffs; that their, judgment against Grauman was unpaid, and they therefore prayed judgment against the defendant, as their assignor, for the debt due on the note, interest, &c.

An amended petition was subsequently filed in which it was alleged that B. L. Kip "is now the owner and holder of the note sued on in this case; they therefore ask that he, said Kip, be made co-plaintiff herewith, and that said suit progress as if he had been originally plaintiff."

The defendant answered, controverting none of the facts which fix his liability as indorser or as the assignor, for value, of the note sued on. He merely denies that the plaintiffs, or either of them, were "the holders and owners of the note in question," and says the note had been assigned by Vanbuskirk and Mead to one Nicholls, for the benefit of creditors, by deed dated January 5, 1859, a copy of which is exhibited." Such is, in substance, the only matter of defense relied upon.

The issue, thus made, was submitted to a jury, and the court, upon the evidence offered by the plaintiffs, and on motion of the defendant, instructed the jury as in case of a nonsuit. A verdict was rendered accordingly, upon which there was a final judgment for the defendant, and the plaintiffs have appealed.

Many points have been made in the argument, on both sides, which we shall not deem it necessary to decide.

The first, and in our view of the case, the only material question presented by the record, is that which arises on the answer of the defendant. What was the legal effect of the facts set up in that answer, and what was the character of the issue they presented?

The court below seems to have regarded those facts as constituting a valid bar to the action, and, therefore, as tendering an issue triable by the jury, and that the burthen of proof was upon the plaintiffs.

This view was erroneous in every aspect. In the first place the matter of defense relied upon was not a bar to the action, nor was it sufficient even as a ground of abatement. Second-

ly, the issue presented was triable by the court and not by the jury; and in the third place, the *onus* was on the defendant.

In the case of *Carpenter vs. Miles*, (17 *B. Mon.*, 602,) this court, in determining the effect to be given to a defense substantially similar in all respects, held that "an answer presenting such objection may be regarded as a dilatory plea; not, however, resulting, even when sustained by proof, in a dismissal or abatement of the action, but furnishing a ground for an order of court, requiring the additional parties to be made, on pain of dismissal without prejudice;" that the defect of parties not appearing in the petition was properly taken by answer, under *section* 123 *of the Code;* and that, therefore, the answer, although presenting nothing in bar of the action, did present an obstacle to a recovery until the necessary parties were made, and was, so far as it professed to go, sufficient on demurrer.

It is clear that the principles here laid down, and which are still approved, are decisive of the point under consideration.

The only question presented by the pleadings in this case, was whether the court should have required Nicholls to be made a party. Of course no such order should have been made without sufficient proof of his alleged interest in the subject matter of the action. If, upon hearing the evidence offered on both sides, the court should have been satisfied, or had reason to believe that Nicholls had such interest as to render him a necessary or proper party, he should have been brought in. But upon the failure of the party making the objection to sustain it by evidence, or in case the evidence offered by him should have been overcome by opposing proof, the additional party ought not to have been made, and the court should have proceeded to render judgment upon the merits, there being no other defense, and no issue to be tried by a jury. The facts stated in the petition being taken as true, no proof was necessary, nor any assessment of damages requiring the intervention of a jury.

From what has been said it results that the character or legal effect of the note or indorsement sued upon, and the effect of the written transfer to Kip, are matters which it is wholly

unnecessary to consider. The plaintiffs were entitled, upon the record as it stood, to a judgment for the debt claimed, no evidence having been offered to the court by the defendant to sustain the allegations of his answer with respect to the interest of Nicholls. And it may be well to remark that the written transfer to Kip of the debt in contest, was prior in date to the execution of the deed to Nicholls, and it is clear, therefore, that upon all the evidence to be found in the record, touching the ownership of the debt in question, the court should have refused to order Nicholls to be made a party.

The judgment is reversed, and the cause remanded for further proceedings in conformity with this opinion.