HUNGERFORD NATIONAL BANK *vs.* WILLIAM T. VAN NOS-TRAND & another.

A promissory note payable at "Hungerford National Bank," is not conclusive evidence, in a suit thereon by the Hungerford National Bank, that the plaintiffs are a corporation.

CONTRACT by the Hungerford National Bank, alleged in the writ to be " a corporation duly established by law at Adams in the state of New York," on two promissory notes signed by the defendants, each " payable at Hungerford National Bank, Adams," to the order of Rufus P. White, and by him indorsed to the plaintiffs. The answer denied all the allegations of the declaration.

At the trial in the superior court, before *Lord*, J., the signatures of the defendants and of White on the notes were admitted, and there was some evidence, which it is unnecessary to state in detail, that the plaintiffs were a corporation, and also other evidence now immaterial. The defendants contended that the plaintiffs were not a corporation.

The judge ruled " that there was sufficient evidence for the jury to find the organization for the plaintiff corporation ; " " that the whole evidence was insufficient to show either payment of the notes, or that the plaintiff took them subject to the equities between the original parties ; and that there was not sufficient evidence in the case to warrant the jury in finding a verdict for the defendants ; " and ordered a verdict for the plaintiff for the amount of the notes and interest. The defendants alleged exceptions.

*N. Morse*, for the defendants.

*G. W. Ware, Jr.*, for the plaintiffs.

WELLS, J. The answer put the plaintiff to the proof of every fact necessary to the maintenance of the action. One fact to be proved was the organization or corporate existence of the plaintiff. There was some evidence upon that point, but it was not conclusive, so as to enable the court to determine it as a matter of law. The notes were not made payable to the bank as a party. The bank is mentioned only as the place of payment. That does not necessarily indicate a corporation established under that name.

In ordering a verdict for the plaintiff, the court, no doubt inadvertently, overlooked this question of fact, which, upon the evidence in the case, the burden being upon the plaintiff to establish it, must necessarily be submitted to the jury.

*Exceptions sustained.*