## C. S. DANIELS v. JESSE BAYLES.

**Pleading—Matters Taken as True.**

Matter alleged in a petition, and not denied by answer must, for the purpose of the litigation, be taken as true, notwithstanding there may be testimony tending to disprove it.

**Appeal—Findings of Court.**

A finding of the court without the intervention of a jury has the force and effect of a verdict on appeal to the Court of Appeals.

**Partnership—Dissolution—Constructive Notice.**

Constructive notice of the dissolution of a partnership is not sufficient to deprive plaintiff of the right to deal with either of the

partners with reference to matters coming within the usual and legitimate business of the partnership, upon the credit of the firm, where he had had former dealings with the firm.

### Partnership—Loan to—Presumption.

One who was a customer of a partnership, and knew who composed the firm, will be presumed, in the absence of actual knowledge of the dissolution of the firm, to have loaned the money in question to the firm upon the faith of the responsibility of all the members who composed the firm and whom he believed still composed it.

APPEAL FROM JEFFERSON CIRCUIT COURT.

October 31, 1873.

Opinion by Judge Lindsay:

The object of this action was to charge Daniel with the payment of money had and received by his former partner, Porter. Appellee, conceding that the partnership had been dissolved, or that the parties had pretended to dissolve it, before the loan was made, undertook, in his petition, to make out a state of case that in law would entitle him to recover, notwithstanding the dissolution.

Among other things he alleged the existence of the partnership, and that he had dealt with the firm, and loaned it money, which was repaid, and that he had, at the time of the loan, no knowledge of the pretended dissolution.

The allegation that he had dealt with the firm, and had loaned it money that was repaid, was material. It is not denied by the answer, and for the purposes of this litigation must be taken as true, notwithstanding there may be testimony conducing to disprove it. The cause was submitted to the court without the intervention of a jury. The judgment, so far as it depends upon the facts of the case, will not be disturbed for any less reason than would the verdict of a jury.

We may assume, and in fact the written opinion of the vice chancellor shows that he found as matters of fact, the existence of the firm, the loan of the money, and its application to the payment of a firm debt; that the credit was extended to the partnership; that appellee had dealt with the firm, and had loaned it

money prior to this loan; and that he had no notice of the dissolution at the time this loan was made. Whether these conclusions be or not in accordance with the preponderance of the testimony, we need not decide. They certainly are not flagrantly wrong.

As a matter of law the vice chancellor did not err in holding that appellee was entitled to actual notice of the dissolution of the firm, he having theretofore been its customer, and having previously loaned it money.

Constructive notice was not sufficient to debar him from the right to deal with either of the partners in matters coming within the usual and legitimate business of the partnership, upon the credit of the firm. It was held by this court in Mitchum et al v. Bank of Ky., 9 Dana 166, that partners must give "personal notice" of the dissolution to all persons with whom the partnership has had dealings; and in Meritt v. Pollys, etc., 16 B. Mon. 356, it was held that where the debt has been contracted in the usual course of business, and "without knowledge" of the dissolution, all the partners will be bound. Mr. Justice Strong says that "As to persons who have been previously in the habit of dealing with the firm, it is requisite that actual notice should be brought home to the creditor, or at least that the credit should be given under circumstances from which actual notice may be inferred." Story on Partnership, Sec. 161.

The reason for this rule is that persons who have been dealing with the firm have knowledge as to who are the parties, and are presumed to deal with it upon the faith of all of them being bound for its debts. It does not apply with equal force to new customers or creditors, because they must enquire who are the parties interested, at the time they extend the credit. Bayles having been a customer of the firm, had knowledge of who were members of it, and in the absence of actual knowledge on his part of the dissolution, he must be presumed to have loaned the money upon the faith of Daniels' responsibility.

We do not mean to intimate that actual knowledge of the dissolution might not have been inferred from the intimacy existing between Bayles and Porter, the change of the signs over the door of the house in which the business was carried on, and the publication in the Courier-Journal; but this was a question submitted to the judge, in the stead of a jury, and he held

that such inference did not arise. His finding, for reasons already given, must be allowed to stand. The execution of the bill of exchange was not a merger of the original debt.

Bayles did nothing except the individual undertaking of Porter, and Daniels repudiated Porter's use of his name.

This repudiation left the right of the parties just as they were before the bill was made, as it cannot be supposed that Bayles intended to release Daniels, and look alone to Porter.

Judgment affirmed.

*Clemmons, Willis, for appellant.*

*Gibson, Gibson, for appellee.*