### MOSLER, BAHMANN & Co. vs. HENRY M. POTTER.

Hampshire. Sept. 21.— Oct. 9, 1876. COLT & MORTON, JJ., absent.

Under the Gen. Sts. *c.* 129, if the declaration describes the plaintiff as a corporation, by reference to the writ in which the plaintiff is so described, and the answer denies each and every allegation in the plaintiff's declaration, the plaintiff's incorporation is put in issue.

REPLEVIN of an iron safe. At the trial in the Superior Court, before *Putnam*, J., the plaintiff, described in the writ as an incorporated stock company, put in no evidence of its incorporation; and the judge ruled that it was unnecessary under the pleadings to prove its incorporation. The jury returned a verdict for the plaintiff; and the defendant alleged exceptions. The pleadings appear in the opinion.

*D. W. Bond*, for the defendant.

*J. C. Hammond*, for the plaintiff.

GRAY, C. J. At common law, the objection that the plaintiff, suing as a corporation, was in fact not a corporation (and therefore incapable of maintaining any action) was not mere matter of abatement, but might be pleaded in bar. And under the St. of 1836, *c.* 273, by which the general issue was required to be pleaded in all cases, with a specification, according to the rules of court, of the matters intended to be given in evidence, this defence might be specified under the general issue, and, although it would be waived if not specified, was treated by the

court as duly presented by a specification of defence requiring the plaintiffs to prove their case in legal form. *Christian Society* v. *Macomber*, 3 Met. 235, where the common law authorities are collected. *Middlesex Husbandmen* v. *Davis*, 3 Met. 133.

By the new practice act, the general issue in personal actions, and all special pleas in bar, as formerly used, are abolished, and the defendant, instead thereof, is obliged to file an answer deny- ing every fact alleged and intended to be denied, or setting up any matter in avoidance; and it has been decided that an an- swer denying all the allegations in the declaration puts the plaintiff to his proof of them. Gen. Sts. c. 129, §§ 15–20. *Boston Relief & Submarine Co.* v. *Burnett*, 1 Allen, 410. *Davis* v. *Travis*, 98 Mass. 222.

The writ in this case described the goods and chattels replev- ied as "belonging to Mosler, Bahmann & Co., an incorporated stock company doing business under state laws of Ohio, at Cin- cinnati, in the county of Hamilton," and the declaration, inserted in the writ, alleges that the defendant took the goods and chat- tels "of the said plaintiffs as aforesaid." The denial, in the an- swer, of each and every material allegation in the plaintiff's dec- claration, put in issue the incorporation of the plaintiff. *Hun- gerford National Bank* v. *Van Nostrand*, 106 Mass. 559. See also *Gott* v. *Adams Express Co.* 100 Mass. 320. The ruling of the learned judge in the court below, that it was unnecessary, under the pleadings, for the plaintiff to prove its incorporation, was therefore erroneous.                    *Exceptions sustained.*\*

---

\* A similar decision was made in Bristol, October 26, 1876:

DEACONS OF THE HEBRON CHURCH *vs.* HUGH SMITH & others.

TORT in the nature of trespass *quare clausum fregit*. The writ described the plaintiffs as "Henry Carpenter and George W. French, both of Attlebor- ough in the county of Bristol, as they are the Deacons of the Hebron Church, a religious society located within said Attleborough." The declaration was in the usual form, beginning thus: "And the plaintiffs say that the defendants forcibly entered the plaintiffs' close situated in Attleborough." The answer denied each and every allegation in the plaintiffs' declaration.

At the trial in the Superior Court, *Allen*, J., ruled that, "under the plead- ings in the case, the plaintiffs were not required to prove the due organization of said church and the election of the plaintiffs as its deacons." And for this reason, THE COURT, stopping *E. H. Bennett & H. J. Fuller*, for the defend- ants, and calling upon *C. A. Reed*, for the plaintiffs,

*Sustained the defendants' exceptions.*