WILLIAMSBURG CITY FIRE INSURANCE COMPANY *vs.* CHARLES H. FROTHINGHAM & others.

Suffolk. March 8. — 12, 1877. ENDICOTT, J., absent.

If a writ in an action on a bond describes the plaintiff as a corporation, proof of the execution of the bond, which in terms runs to the corporation mentioned in the writ, is *prima facie* evidence of the plaintiff's incorporation.

In an action on a bond given to an insurance company by its agent, conditioned that he should "keep true and correct books of account," a book kept by him, containing entries of the business of the company only, is competent evidence, against him and his sureties, of the amount of premiums collected by him, although the entries are made by clerks in the employ of a firm of which he is a member.

CONTRACT on a bond, dated September 23, 1874, running to " the Williamsburg City Fire Insurance Company of Brooklyn,

New York," and its "successors and assigns," purporting to be executed by the defendant Frothingham as principal, and the defendants Albert G. Goodwin and William R. Storms as sureties, and conditioned that Frothingham, as its agent, should, among other things, " duly and properly account for, pay over and apply all sums of money which may be received by him as such agent," and " keep true and correct books of account." The writ, dated April 27, 1875, described the plaintiff as the " Williamsburg City Fire Insurance Company, a corporation duly established by law of the State of New York." The declaration, annexed to the writ, was in the usual form. The defendants filed separate answers, containing a general denial of " each and every allegation in the plaintiff's writ and declaration contained," and not otherwise denying the incorporation of the plaintiff.

At the trial in the Superior Court, before *Bacon*, J., the signatures of the defendants Frothingham and Goodwin were admitted. The plaintiff put in evidence tending to prove the signature of the defendant Storms, and then proceeded to offer testimony to show a breach of the bond; but the defendants, contending that by their answers it was incumbent on the plaintiff to prove its legal existence as a corporation under the laws of New York, asked the judge to rule that the bond, if proved to have been executed by the defendants, furnished no evidence of the existence of such a corporation, and that, unless the plaintiff furnished other evidence of its legal existence as such corporation, it could not recover. The judge declined so to rule, and did rule that, if the bond was duly executed by the defendants, it would furnish evidence of the legal existence of the plaintiff as a corporation.

It appeared in evidence that Frothingham was general agent of the company at Boston from September, 1873, until about April 28, 1875, and the alleged breach of the bond was, that he did not account for and pay over to the plaintiff the premiums received by him in the months of February, March and April, 1875.

To show the receipt of premiums by Frothingham, the plaintiff, among other evidence, called one Sanborn, who testified that he had been a clerk for Frothingham during the last year of his agency, and for some time before ; that a book which was shown

to him was a book kept by Frothingham for the company, for the purpose of showing what policies had been issued by him, the amounts of the premiums, and which of them had been paid; that this book was not kept by Frothingham personally, but was kept by the witness by his direction, and contained entries only relating to the business of the company. It appeared that the book was marked "Williamsburg City," and was kept in columns. In the first column was the number of the policy, in the second the name of the insured, in the third the amount of the policy, in the fourth the rate per cent., in the fifth the amount of the premium, in the sixth the word "paid" against such of the premiums as had been collected, and in the seventh the name of the broker, where the insurance had been procured by a broker. On cross-examination, the witness testified that the entries in all the columns, except the column of "paid," were made at the time when the policies were issued, and that the entry of "paid" was made when the premium was collected; that he usually received the premiums, but there were instances in which the premiums had been paid to one of the two other clerks in the office, and he had made the entry of "paid" upon their statement that the money had been paid; that there were also a few entries in this book made by one or the other of said clerks. The witness further testified that it was not the habit or custom for him to show Frothingham what entries he made in this book, or for Frothingham to see him make them, but that Frothingham occasionally examined the book, and, so far as he knew, only occasionally; that Frothingham did business as a general insurance agent and broker, under the name of Charles H. Frothingham & Co., having a partner named Lincoln, and that the salary of the witness was paid by the firm. Neither of the other clerks was called to testify in regard to said book.

The defendants objected to the admissibility of this book in evidence, and requested the judge to rule that neither against Frothingham nor the sureties was it competent evidence of the receipt of money by Frothingham, nor competent for any purpose. The judge declined so to rule, and did rule that, as by the terms of the bond, Frothingham was to keep true and accurate books of account, if this book was kept by him for the company in the manner testified to by the witness, it was ad-

missible in evidence upon the question of the amount of premiums collected by him. The jury found for the plaintiff and the defendants alleged exceptions.

*D. B. Gove*, for the defendants.

*D. Thaxter*, for the plaintiff.

GRAY, C. J. The objection that the plaintiff was not a corporation was open to the defendant upon the pleadings. *Mosler* v. *Potter*, 121 Mass. 89. But the bond sued on and produced by the plaintiff, running to " the Williamsburg City Fire Insurance Company of Brooklyn, New York," and its " successors and assigns," was sufficient *primâ facie* evidence of the incorporation of the plaintiff. *Williams* v. *Cheney*, 3 Gray. 215. *Topping* v. *Bickford*, 4 Allen, 120. *Conard* v. *Atlantic Ins. Co.* 1 Pet. 386, 450. And, one condition of the bond being that the principal should keep true and correct books of account, the book kept by him, containing entries of the business of the company only, was competent evidence, against him and his sureties, of the amount of premiums collected by him. *Whitnash* v. *George*, 8 B. & C. 556; *S. C.* 3 Man. & Ry. 42. *United States* v. *Gaussen*, 19 Wall. 198.                              *Exceptions overruled.*