UNITED HEBREW BENEVOLENT ASSOCIATION *vs.* JOSHUA BENSHIMOL.

Suffolk.    January 19. — February 10, 1881.    MORTON, J., absent.

The repeal of a general corporation law by a statute substantially reënacting and extending its provisions does not terminate the existence of corporations organized under it.

The constitution of a charitable corporation provided that any person could apply for admission by paying an admittance fee, and, when declared elected, could, after signing the constitution, vote at all meetings, and be eligible to office; and that each member should pay a certain amount yearly to the corporation. *Held,* that signing the constitution was not a prerequisite to membership; and that an action would lie by the corporation against a member, who had not signed, for his yearly dues.

CONTRACT by a charitable corporation to recover of a member of the corporation five years' dues and interest. Trial in the Superior Court, without a jury, before *Putnam,* J., who found the following facts:

The plaintiff was duly organized, on February 5, 1867, under the Gen. Sts. c. 32. The objects of the association are to raise funds for the purpose of granting " temporary relief to poor and helpless Israelites." Its constitution provides that " any Israelite desiring to become a member can apply or be proposed to the board of direction by paying one dollar admittance fee; and, when declared elected, can, after signing the constitution and by-laws, vote at all meetings held by the association, and be eligible to the various offices; " and that " every member must pay five dollars yearly in advance, as dues to the association." Its funds are derived from dues assessed upon the members, in conformity with its constitution, and from donations. The dues are the main and only fixed resources, and the expenditures of the association are made in reliance upon the dues.

The defendant was elected a member of the corporation in 1869, and paid his admission fee of $1.00 and $5.00, which was assessed upon him for that year, and continued to pay $5.00 each year for dues up to May 1875, since which time he has made no payments. The defendant never signed the constitution and by-laws, but it was not customary for members to do so; and such signing by a member was never insisted upon by the corporation as a prerequisite to his being allowed to exercise all the privileges of a member.

Each year there has been expended by the corporation an amount equal to or greater than the aggregate amount of the dues of members for that year. The dues not paid had been demanded of the defendant from time to time up to the bringing of this action.

The defendant contended that he was never a member of the association; and that the payments made by him were only voluntary contributions on his part. But the judge found that he was a member, and was entitled to all the rights and privileges of a member; that the payments made by him were payments of his annual dues as such member; and that he had never resigned his membership.

The defendant also contended, and asked the judge to rule, that, as the St. of 1874, c. 375, repealed the Gen. Sts. c. 32, the plaintiff had no longer any legal existence as a corporation, and could not maintain this action; and that, even if he was

a member, he was under no legal obligation to pay these dues, and so the plaintiff could not recover.

The judge declined so to rule; ruled that the defendant, being a member of the corporation, was legally bound by an implied promise to pay the dues provided for by the constitution and by-laws, and that his liability rested on a good consideration, and found for the plaintiff. The defendant alleged exceptions.

*G. F. Piper*, for the defendant.

*L. D. Brandeis*, for the plaintiff.

COLT, J. The corporation was organized under the Gen. Sts. *c.* 32, which provides that seven or more persons associating by agreement in writing, for educational, charitable or religious purposes, and complying with its requirements, should become a body corporate. This chapter was repealed by the St. of 1874, *c.* 375, which, so far as relates to the creation of such corporations, substantially reënacts its provisions, and was declared by an act of the following year not to have been intended to affect corporations existing under previous laws. St. 1875, *c.* 49, § 2.

It is contended that, as the St. of 1874 contained no reservation, it operated to destroy all corporations created under the provisions of the General Statutes; and that the explanatory declaration in the statute of the next year could not restore their rights. But it is plain that the St. of 1874 was not passed for the purpose of affecting the rights of corporations already organized. The repeal of a general corporation law cannot be construed, in the absence of express provisions, as intended to repeal the charters of corporations formed under it, especially where the manifest purpose of the repealing act is to substitute a new law, extending the provisions of the old, and perfecting its details, but not changing its general policy. It is a familiar rule of construction, that when statutes are repealed by acts which substantially retain the provisions of the old laws, the latter are held not to have been destroyed or interrupted in their binding force. " In practical operation and effect they are rather to be considered as a continuance and modification of old laws, than as an abrogation of those old, and the reënactment of new ones." Shaw, C. J., in *Wright* v. *Oakley*, 5 Met. 400, 406. *Steamship*

*Co.* v. *Joliffe*, 2 Wall. 450, 459. The existence of the plaintiff corporation was not affected by the St. of 1874.

The defendant was elected a member of the corporation in 1869, and paid the admission fee, and annual dues assessed on him for many years. This was sufficient to justify the court in finding that he was entitled to all the rights and privileges of membership, although he never signed the constitution and by-laws. The defendant's signature is not by the constitution and by-laws of the corporation required as a condition of his membership. It is necessary only to secure the right to vote and be elected to office. The case finds that it had not been customary for members to sign, and it had not been insisted upon as a prerequisite to the enjoyment of all the privileges of membership. The payment of annual dues by all members is required by the constitution in express terms. The defendant assumed the obligation to pay by joining the association. The benefit of mem bership affords sufficient consideration, so long as it continues, for the defendant's promise. *Cottage Street Church* v. *Kendall*, 121 Mass. 528. *Middlesex Husbandmen* v. *Davis*, 3 Met. 133. *Athol Music Hall* v. *Carey*, 116 Mass. 471. It was found by the court, moreover, that, in reliance upon the payment of these dues, the association had expended for charitable purposes in each year a sum equal to their whole amount. This of itself raises sufficient consideration. *Mirick* v. *French*, 2 Gray, 420. *Bryant* v. *Goodnow*, 5 Pick. 228.

There was no error in the rulings given, or in the refusal to rule as requested.                    *Exceptions overruled.*