GOODWIN INVALID BEDSTEAD COMPANY *vs.* H. R. DARLING.

Suffolk.    March 21. — Sept. 7, 1882.    ENDICOTT & C. ALLEN, JJ., absent.

The St. of 1881, *c.* 113, providing that, when it appears from the pleadings in any suit that either party sues or is sued as a corporation, such fact shall be taken as admitted, unless the party controverting it shall file in court, within ten days from the time allowed for answer, a special demand for proof of the fact, does not apply to an action in which the plaintiff sues as a corporation, and in which an answer denying each and every allegation in the writ and declaration has been filed, and more than ten days have elapsed, after the time allowed for answer, before the passage of the statute; but it is incumbent on the plaintiff to prove the existence and organization of the alleged corporation.

W. ALLEN, J.    The plaintiff sues as a corporation. The defendant's answer "denies each and every allegation in the plaintiff's writ and declaration contained." Before the St. of 1881, *c.* 113, was enacted, such pleadings put in issue the fact of the corporate existence of the plaintiff. *Hungerford National Bank*

v. *Van Nostrand*, 106 Mass. 559. *Mosler* v. *Potter*, 121 Mass. 89. *Hebron Church Deacons* v. *Smith*, 121 Mass. 90, note. *Williamsburg Ins. Co.* v. *Frothingham*, 122 Mass. 391.

The St. of 1881, *c.* 113, which provides that, when it appears from the pleadings in any suit that the plaintiff or defendant sues or is sued as executor, administrator, guardian, trustee, assignee, or a corporation, such fact shall be taken as admitted, unless the party controverting it shall file in court, within ten days from the time allowed for answer, a special demand for proof of the fact, was not enacted until after the answer in this case was filed and the case was at issue, and more than ten days after the time allowed for answer had elapsed, and does not apply to the case. The ruling of the judge, that it was incumbent on the plaintiff to prove the existence and organization of the alleged corporation, was correct. *Exceptions overruled.*

*J. W. Pickering*, for the plaintiff.

*C. R. Brainard*, for the defendant.