# RESCRIPT OPINIONS.

EDGCOMB STEEL OF NEW ENGLAND, INC. *vs.* SALVO & ARMSTRONG STEEL CO., INC. July 7, 1980. The plaintiff in this action seeks to recover for goods which it sold and delivered to the defendant. The defendant answered with a general denial, and additionally questioned the plaintiff's corporate existence and its qualification to do business in Massachusetts. Mass. R. Civ. P. 9 (a), 365 Mass. 751 (1974). A judge of the Superior Court, sitting without a jury, found that the plaintiff was "a validly organized New Hampshire corporation doing business in Massachusetts in accordance with law, [that it had] provided materials to the Defendant by agreement and that the Defendant owes the Plaintiff the amount of $19,436.74 therefor . . . plus costs and interest."

The defendant appealed from the judgment to the Appeals Court and we transferred the case to this court on our own motion. We affirm the judgment.

The defendant argues that the plaintiff had the burden of proving its corporate existence and qualification to do business in Massachusetts. When the pleading of corporate existence was governed by G. L. c. 231, § 30, an allegation of such existence was taken as admitted unless the defendant filed "a special demand for its proof." See *Salvato* v. *DiSilva Transp. Co.*, 329 Mass. 305, 307-310 (1952). After that decision, G. L. c. 231, § 30, was repealed by St. 1975, c. 377, § 77, and this subject matter has at all times thereafter been covered by the succeeding Massachusetts Rules of Civil Procedure, and specifically by rule 9 (a). Rule 9 (a) relieves the plaintiff of the responsibility of alleging its corporate existence and its capacity to sue, and requires that the defendant, if he desires to raise such issues, must do so "by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge." The defendant's answer simply "denies the corporation existence of the Plaintiff and calls upon the Plaintiff to prove the same." It includes no "supporting particulars." Whether the answer meets the requirements of rule 9 (a) is arguable, see 5 C.A. Wright & A.R. Miller, Federal Practice and Procedure § 1294, at 393-395 (1969), but since it makes no difference in the result, we assume, for the purposes of this decision, that it does.

The defense of lack of qualification to do business in Massachusetts, see G. L. c. 181, §§ 4, 9, has been said by this court to be an affirmative defense. *Remington Arms Co.* v. *Lechmere Tire & Sales Co.*, 339 Mass.

131, 133 (1959). See *Norman M. Morris Corp.* v. *Weinstein*, 466 F.2d 137, 142 (5th Cir. 1972). Rule 8 (c) of the Mass. R. Civ. P. requires that such a defense be "set forth affirmatively." Mass. R. Civ. P. 8 (c), 365 Mass. 750 (1974). On this point the defendant's answer, in the same sentence quoted above, simply "calls upon the Plaintiff . . . to prove also that it is qualified to do business [in Massachusetts]." While this request may arguably not suffice as an affirmative statement under rule 8 (c), we assume here again that it does, for purposes of this decision.

*Remington Arms, supra,* further states that the burden of proof as to the defense of failure to qualify to do business in Massachusetts, is upon the defendant. We need not decide whether that rule still prevails, because it is apparent that the judge concluded that if the plaintiff had the burden of proof it had adequately proved both its corporate existence and its qualification to do business in Massachusetts.

The only evidence in the case was the testimony of the plaintiff's credit and collections manager who testified that the sales in question were made, that the defendant had not paid in full for the goods, and further that the plaintiff was a corporation duly incorporated in New Hampshire, and that it was authorized to do business in Massachusetts. The defendant argues that the plaintiff did not sustain its burden of proof because it offered no records of its incorporation or qualification to transact business in Massachusetts. While the existence of a corporation, or its qualification to do business in Massachusetts, is commonly proved by duly attested or certified copies of public records, that is not the only way such a fact may be proved. Corporate existence may, in appropriate circumstances, be proved by "reputation, and by . . . actual use, for a length of time, of the powers and privileges of a corporation." *Narragansett Bank* v. *Atlantic Silk Co.,* 3 Met. 282, 288 (1841). See *Society of Middlesex Husbandmen & Mfrs.* v. *Davis,* 3 Met. 133 (1841); *Stockbridge* v. *West Stockbridge,* 12 Mass. 400, 401 (1815); *Dillingham* v. *Snow,* 5 Mass. 547, 551 (1809). The uncontroverted testimony by the plaintiff's employee, although not compelling or overwhelming, was sufficient to support the judge's finding in the plaintiff's favor on the latter's corporate existence and its qualification to do business in Massachusetts.

While the defendant raised other issues in its answer, viz., payment, defective goods, statute of limitations, and the plaintiff's alleged extension of credit beyond limits imposed by the defendant, the judge made no findings thereon and we are not concerned with them in this appeal.

*Judgment affirmed.*

The case was submitted on briefs.
*Thomas T. Brady* for the defendant.
*Lloyd E. Belford* for the plaintiff.