Sherman, PJ.
This is an action in contract to recover on an account annexed for services provided by the plaintiff to the defendant. After trial, judgment was entered for the plaintiff in the amount of $3,335.00.
No question is raised on this appeal as to the propriety of the court’s findings and rulings that the plaintiff rendered the services which form the basis of this suit and that the defendant failed to pay for such services. The sole contention now raised by the defendant is that it was entitled to judgment as a matter of law because the plaintiff failed to satisfy its burden of proving the corporate status of both parties.
Paragraphs one and two of the plaintiff’s complaint allege, respectively, that the plaintiff is a corporation with a usual place of business in Warwick, Rhode Island, and that the defendant is a corporation with a usual place of business in Framing-ham, Massachusetts. In its Answer, the defendant responded to complaint paragraphs one and two with the word “Denies.”
No evidence was presented at trial to prove that the plaintiff and defendant are corporations as alleged in the complaint. In response to requests for rulings of law by both parties at the conclusion of trial, the court ruled:
The Court further finds that the defenses raised by the defendant that the plaintiff has failed to prove that plaintiff is a Rhode Island corporation and that the defendant is a Massachusetts corporation were not raised in accordance with Rule 9(a), Massachusetts Rules of Civil Procedure, and therefore are deemed waived.
The defendant now claims to be aggrieved by such ruling.
1. Pursuant to Dist./Mun. Cts. R. Civ. R, Rule 9(a), the burden of pleading the lack of either party’s corporate existence or capacity to sue or be sued was upon the defendant.[2] Rule 9(a) of the Dist./Mun. Cts. R. Civ. P. mandates, in pertinent part:
When a party desires to raise an issue as to the legal existence of any *55 parly or the capacity Of any party to sue or be sued ... he shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader’s knowledge.[3]
The defendant’s bare denial of its own corporate status was clearly insufficient under Rule 9(a) to raise any issue, and to impose upon the plaintiff the burden of proving, that the defendant was a corporation with a usual place of business in Framingham, Massachusetts. The conclusion is logically inescapable that if there were any genuine question as to the defendant’s own corporate status, the defendant would be the primary, if not sole, repository of specific information giving rise to such question. As “supporting particulars” about its own corporate status must be presumed to be “peculiarly within the [defendant’s] knowledge,” the defendant’s failure to advance such particulars in support of its denial of paragraph 2 of the plaintiff’s complaint rendered such denial ineffective, and resulted in a waiver of any issue as to the defendant’s own corporate existence or legal capacity.
2. Conversely, it cannot be presumed that particular information about the plaintiff’s corporate status was “peculiarly within the defendant’s knowledge. Under such circumstances, “a good faith specific denial” would suffice under Rule 9(a) to raise an issue as to the opposing party’s legal existence or capacity. J.W. SMITH & H.R. ZOBEL, RULES PRACTICE, §9.1, p. 248 (1974).
However, even if the defendant’s simple denial in its answer of paragraph 1 of the plaintiff’s complaint constituted a “specific negative averment” technically cognizable under Rule 9(a), any error in the trial court’s ruling that the defendant failed to raise an issue as to the plaintiff’s corporate status must be deemed harmless. It was conceded in oral argument before this Division that defendant’s counsel had no information which in any way suggested that the plaintiff was not a Rhode Island corporation as the plaintiff alleged. Thus the defendant’s denial of the plaintiff’s corporate capacity was not made in good faith, “to the best of the [defendant’s] knowledge, information and belief that there was good ground to support it.” Dist./Mun. Cts. R. Civ. R, Rule 11(a). See generally, New England Allbank For Savings v. Roulea, 28 Mass. App. Ct. 135, 140-142 (1989); Bird v. Bird, 24 Mass. App. Ct. 263, 267 (1987). Given the absence of any genuine, good faith issue as to the plaintiffs corporate existence herein, the defendant cannot claim to have been unfairly prejudiced because it has not succeeded in utilizing a spurious Rule 9(a) denial to defeat the plaintiff’s valid claim and escape liability for its proven indebtedness.
Report dismissed.

In this sense, Rule 9(a) made no change in prior Massachusetts practice pursuant to G.L.c. 231, §30 in which a lack of capacity, not appearing on the face of the complaint, was a matter for a plea in abatement for the reason that proof of corporate existence was not part of the plaintiff’s prima facie case. Friedenwald Co. v. Warren, 195 Mass. 432, 434 (1907). Section 30 of G.L.c. 231 was repealed in 1975 in conjunction with the adoption of the Rules of Civil Procedure.

Where a question of a party’s corporate existence or capacity to sue or be sued is apparent on the face of the complaint, such question may be properly raised by a motion to dismiss or motion for judgment on the pleadings. See Edgecomb Steel of New Eng., Inc. v. Salvo & Armstrong Steel Co., 381 Mass. 773 (1980); Orion Ins. Co. PLC v. Shenker, 23 Mass. App. Ct. 754 (1987). A motion to dismiss was also the appropriate procedure under prior Massachusetts law. See Tyler v. Boot & Shoe Worker’s Union, 285 Mass. 54 (1933).